# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 26, 2021

Lyle W. Cayce
Clerk

No. 21-50558

consolidated with

No. 21-50568

Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

RAMON DIAZ-QUINTANA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:21-CR-23-1
USDC No. 4:15-CR-233-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50558 c/w No. 21-50568

Ramon Diaz-Quintana appeals his conviction and sentence under 8 U.S.C. §§ 1326(a) and (b)(2), along with the revocation of the term of supervised release he was serving at the time of the offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that judgment. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

For the first time on appeal, Diaz-Quintana contends that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b)(2) as a sentencing factor, rather than an element of the offense. He correctly concedes that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but wishes to preserve it for further review.

The Government moves without opposition for summary affirmance or, alternatively, for an extension of time to file its brief. As the Government asserts and as Diaz-Quintana concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres*. *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625–26 (5th Cir. 2007). Thus, because the Government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," summary affirmance is proper. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, and the judgments of the district court are AFFIRMED. The Government's alternative motion for an extension of time is DENIED AS MOOT.